```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JARROD MYLAN,                                                     :
                                                                  :
                              Plaintiff,                          :
                                                                  :     19 Civ. 3884 (JPC)
               -v-                                                :
                                                                  :         ORDER
CAPTAIN JULISSA SANTOS et al.,                                    :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Jarrod Mylan, proceeding *pro se* and *in forma pauperis*, alleges that on March 31, 2017, Defendants used excessive force to remove him from the Vincent C. Bain Center of the Rikers Island Prison Complex after he refused to be transported to a state correctional facility. Dkt. 15. Before the Court is a letter-motion from Defendants, dated March 2, 2021, requesting that the Court dismiss this action for failure to prosecute and failure to comply with a court order, pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. Dkt. 42. For the reasons stated below, the Court grants Defendants' motion and dismisses with prejudice this case in its entirety.

## I. Background

On April 29, 2019, Mylan filed this suit against several John and Jane Does. Dkts. 1, 2, 3, 4. The Court ordered Defendants to assist in identifying the individuals specified in the Complaint. Dkt. 6. Defendants identified certain individuals, but were unable to identify a nurse that was supposedly involved. *See* Dkt. 10. Accordingly, Defendants requested permission to serve limited interrogatories on Mylan to obtain additional details about this supposed individual. *Id.* The Court granted this request, Dkt. 11, but Mylan never responded to Defendants interrogatories, *see* Dkts. 14, 20. On September 4, 2019, Mylan filed an Amended Complaint, naming Defendants Captain

Julissa Santos and Correction Officers Anthony Dapolito, Phillipe Jackson, Rosanna Padilla, Michelle Rodriguez, Joseph Fina, and Smerlin Montero, as well as "Nurse Jane Doe." Dkt. 15. Because Mylan failed to provide Defendants with any details as to the identity of the nurse, the Court, at Defendants' request, dismissed Nurse Jane Doe from the case for failure to prosecute on October 7, 2019. Dkt. 21.

The Court then granted a brief stay and several extensions of time in order to allow the Department of Corrections to complete an internal investigation, and to allow the parties time to account for difficulties caused by the COVID-19 pandemic. *See* Dkts. 10, 11, 13, 14, 16, 20, 23, 24, 25, 26, 28, 29. At a June 4, 2020 initial pretrial conference, the Court stayed discovery and all deadlines in light of the COVID-19 pandemic, and scheduled another initial pretrial conference for August 18, 2020. Dkt. 34. The Court then entered a case management plan on August 18, 2020. Dkt. 35. This case was reassigned to the undersigned on September 29, 2020.

The record reflects that Mylan has failed to participate in any discovery since that time. First, on December 16, 2020, Defendants filed a letter requesting an extension of discovery on the basis that Mylan had not replied to any of their discovery requests. Dkt. 38. In response, the Court extended all discovery deadlines by thirty days. Dkt. 39. Then, on January 21, 2021, Defendants filed another letter, explaining that they had still not received any responses to their discovery requests. Dkt. 40. They therefore requested that the Court compel Mylan to respond and extend all discovery deadlines by an additional thirty days. *Id.* On January 22, 2021, the Court granted these requests, and ordered Mylan to respond to Defendants' discovery requests by February 12, 2021. Dkt. 41.

After Mylan again failed to respond, Defendants filed a letter-motion to dismiss the Amended Complaint both for failure to prosecute and failure to abide by the Court's January 22,

2

2021 Order. Dkt. 42. At Defendants' request, *see* Dkt. 43, the Court stayed all discovery pending the motion to dismiss, Dkt. 44. The Court ordered Mylan to file any opposition to the motion to dismiss by April 16, 2021, and warned him that failure to respond could result in dismissal of his case. *Id.* On May 4, 2021, after Mylan failed to submit any response, Defendants requested that the Court consider the motion to dismiss fully briefed. Dkt. 45. As of the date of this Order, Mylan still has not responded to Defendants' motion to dismiss.

## II. Legal Standards

Under Rule 37(b), "[i]f a party . . . fails to obey an order to provide or permit discovery," a court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2). Although a district court has "wide discretion" in imposing Rule 37 sanctions, the Second Circuit has directed courts to look to "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). "The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the deponent." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *accord Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49 (2d Cir. 1994). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine*, 29 F.3d at 50.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In contemplating dismissal, courts look

3

"whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 486 (2d Cir. 2013) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

### III. Discussion

First, dismissal is warranted under Rule 37, as Mylan failed to comply with the Court's January 22, 2021 Order requiring that he respond to Defendants' discovery requests. Defendants represented that they requested various forms of discovery in order to prepare to depose Mylan and formulate their defense. Dkt. 40. Specifically, they sought a release from Mylan so that they could access his medical records and psychotherapy notes. *Id.* at 2. They also requested that he answer certain interrogatories, and that he provide further information regarding his injury, treatment, and those who provided him treatment so that they could determine what medical releases they needed. *Id.* This information is, of course, fundamental to investigating and defending against Mylan's excessive force claim.

Mylan has not responded to the Court's January 22, 2021 Order compelling discovery in over three months, even after Defendants' filed a motion to dismiss based in part on his failure to comply with that Order, and after the Court warned Mylan that his failure to respond to that motion could result in dismissal. *See* Dkts. 42, 44. Nor has Mylan provided any excuse for failing to respond to the Court's January 22, 2021 Order. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (finding willfulness where the defendant did "not deny that he received the

4

complaint, the court's orders, or the notice of default judgment, or that he never answered the complaint," and did "not contend that his non-compliance was due to circumstances beyond his control"); *Wilson v. Cabrini Ctr. for Nursing & Rehab.*, No. 04 Civ. 608 (FB) (LB), 2007 WL 1343673, at *2 (E.D.N.Y. Apr. 17, 2007) (finding willfulness when a *pro se* plaintiff failed to appear for two depositions and "remained completely silent for almost four months afterwards"). There is no indication that Mylan did not receive the Court's January 22, 2021 Order. The Court mailed a copy of that Order—as well as several other Orders in this case—to Mylan at the address he provided to the Court, and no Orders have been returned as undeliverable. And if Mylan is no longer located at that address, he has not complied with his obligation to provide an updated address to the Court.

Although the Court is mindful that dismissal is a drastic remedy, it is warranted in light of Mylan's failure to comply with the Court's Order mandating that he engage in vital discovery. This is particularly true because this is not Mylan's first failure to respond to Defendants' discovery requests; he failed to respond to the limited interrogatories from Defendants designed to identify an alleged perpetrator. Simply put, "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro se*[ litigants], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). In light of Mylan's *pro se* status, his failure to respond to the Court's January 22, 2021 Order, and his failure to respond to Defendants' motion to dismiss, there are no other sanctions that would be adequate. *See, e.g.*, *Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 19 (S.D.N.Y. 1996) ("Because the plaintiff is appearing *pro se,* this is not a case where monetary sanctions would be reasonable, nor can sanctions be imposed upon the plaintiff's lawyer.").

5

Second, although the Court recognizes that Rule 37 provides a sufficient and independent basis to dismiss based on failure to comply with a court order, *see Salahuddin*, 782 F.2d at 1133-34, the Court alternatively dismisses under Rule 41 for failure to prosecute this action. The considerations here are similar to those under Rule 37, and also all factors weigh in favor of dismissal. First, Mylan has failed to prosecute this case for a significant period of time, and has failed to respond to any discovery in this case, despite being given multiple extensions to do so. He has not submitted anything or otherwise communicated with the Court since the case management plan was entered in August 2020, approximately nine months ago. Second, the Court warned Mylan that his failure to respond to the motion to dismiss could result in dismissal for failure to prosecute. *See* Dkt. 44. Third, Defendants will be prejudiced by further delay. "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently," and there is a "strong policy favoring prompt disposition of cases." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Defendants have been unable to obtain discovery from Mylan and have been unable to depose him, and therefore have been incapable of adequately defending their case. *See Reuben v. Ellis*, No. 07 Civ. 6046 (JSR) (HP), 2009 WL 2611394, at *4 (S.D.N.Y. Aug. 25, 2009) ("'In order to defend against a claim of injuries and deprivations of civil rights, the defendants naturally would need plaintiff's testimony regarding the incidents in question and might need information from other sources,' such as any doctors that defendants might identify pursuant to the medical release that defendants' counsel repeatedly attempted to send to plaintiff." (quoting *Myvett v. Rosato*, No. 03 Civ. 2379 (LAP) (GWG), 2004 WL 1354254, at * 3 (S.D.N.Y. June 16, 2004))). Fourth, the Court has an interest in clearing calendar congestion, and Mylan has been given ample time to pursue his case. Fifth, and finally, there appear to be no other sanction mechanisms that would be appropriate. The Court has previously ordered Mylan to comply with

Defendants' discovery requests, and he has failed to do so.  In brief, while a *pro se* plaintiff is given significant leeway, one cannot simply file a complaint and walk away.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss under Rule 37 and Rule 41 is granted, and the Amended Complaint is dismissed with prejudice.  The Clerk of the Court is respectfully directed adjourn all pending conferences and deadlines *sine die*, and to close this case.  The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff Jarrod Mylan.

SO ORDERED.

Dated: May 10, 2021
      New York, New York
                         JOHN P. CRONAN
                       United States District Judge